IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIMINAL NO. 22-205 |
| KEVIN KELLY MURRAY | : | |

**GOVERNMENT'S SENTENCING MEMORANDUM**

The United States of America, by its attorneys, Jacqueline C. Romero, United States Attorney for the Eastern District of Pennsylvania, and Priya T. De Souza, Assistant United States Attorney for the district, respectfully submits this memorandum in aid of the sentencing of Kevin Kelly Murray, scheduled before this Court on February 12, 2025 at 1 p.m.

For the reasons set forth herein, the government respectfully requests that this Court accept the parties' guilty plea agreement and sentence the defendant to a term of imprisonment of 240 months' imprisonment, 15 years' supervised release, a $300 special assessment, forfeiture of all electronic devices, and restitution of $14,000 to the child victims.

**I.   BACKGROUND**

On June 23, 2022, a grand jury sitting in the Eastern District of Pennsylvania returned a three-count indictment against defendant Kevin Kelly Murray, charging him with one count of use of an interstate commerce facility to entice a minor to engage in sexually explicit conduct, in violation of Title 18, United States Code, Section 2422(b); and one count of manufacture and attempted manufacture of child pornography, in violation of Title 18, United States Code, Section 2251(a), (e); and one count of possession of child pornography, in violation of Title 18, United States Code, Section 2252(a)(4)(B), (b)(2).

On October 23, 2024, the defendant pled guilty to all counts listed in the indictment

pursuant to a guilty plea agreement under Federal Rule of Criminal Procedure 11(c)(1)(C). The terms of the plea agreement include an agreement between the parties that the following specific sentence is the appropriate disposition of this case: 240 months' imprisonment, 15 years' supervised release, a $300 special assessment, forfeiture of all electronic devices, and mandatory restitution of at least $3,000 to any identified victims. The imposition of a fine and any additional assessments shall be determined by the Court.

II.     **CRIMINAL CONDUCT**

On September 1, 2020, defendant Kevin Kelly Murray uploaded and shared videos depicting the sexual abuse and exploitation of prepubescent children over the online chat service Omegle. A content moderator for Omegle reported the activity to the National Center for Missing and Exploited Children ("NCMEC"). NCMEC subsequently provided this report in the form of a cybertip to the Pennsylvania Internet Crimes Against Children Task Force. Records revealed that the unlawful content had been distributed online using an internet account registered to the defendant's residence in Oreland, Pennsylvania.

On October 22, 2020, law enforcement executed a warrant on his residence and found the defendant on site. After being advised of the reason for the search warrant, Murray admitted to possessing child pornography on his computer. Murray then consented to an interview at the local police station. Murray drove himself in his own car to the station. After being advised that he was not under arrest, Murray confessed to police that he had accessed Omegle to both download and share child pornography. He admitted that his computer contained more than 100 files depicting child pornography. He further admitted to soliciting "preteen" girls over Omegle to undress themselves and perform sexual acts on themselves, at which point he would record their images/videos on his computer for his sexual pleasure. When asked about the percentage of child

pornography on his computer that derived from his own recording of minor girls versus media downloaded elsewhere, Murray stated the ratio was "equal."

A forensic review of his electronic devices showed that from 2019 through 2020, the defendant used his cell phone and his computer to obtain at least 361 images and 93 videos of child pornography.

During the search of his home, police seized and searched a Samsung Galaxy S9+ cell phone, with serial number R38K50KLH7J. By the defendant's own admission, its location in the house, and the contents of the phone, the cell phone belonged to Murray. His phone contained twenty-three (23) image files and four (4) video files that were taken during Omegle video chats. The videos depict at least three different young girls masturbating or displaying their vaginas. The videos were recorded by Murray using his cell phone. He is identifiable by his tattooed arms and his living room setting.

One of the videos in support of Count Three (possession of child pornography) is a 5-minute video of a girl, approximately 10 or 11 years old, who is video-chatting with Murray over Omegle. During the video chat, she penetrates her vagina with multiple objects.

Police also seized and searched a Corsair computer tower with serial number 047015387804. Murray claimed this computer as his own, and its contents also corroborated his use as well. A forensic examination resulted in the recovery of 338 images and 89 videos that depicted underage girls in sexual acts or poses. Murray possessed images depicting the sexual exploitation of toddlers, including a 2 minute and 45 seconds video where a male attempts to place a penis into a toddler's mouth.

Also located on the computer were files which had been transferred to the computer from a phone. These files contained location data. Among these files were three videos which appear to

have been created during the same Omegle video chat session between Murray and a young child, approximately 8 to 10 years old (hereafter Minor #1).

As charged in Counts One and Two, on August 25, 2020, from his Oreland residence, the defendant enticed Minor #1 to engage in sexually explicit behavior and recorded these acts. Chat records documented the defendant directing the child to insert objects into her vagina and anus. In response, Minor #1 engaged in the sexually explicit conduct and the defendant created three videos depicting the conduct.

### III. SENTENCING CALCULATION

#### A. Statutory Maximum and Mandatory Minimum Penalties

Count One (use of an interstate commerce facility to entice a minor to engage in sexually explicit conduct): life imprisonment, a 10-year mandatory minimum term of imprisonment, a mandatory minimum of 5 years of supervised release up to a lifetime of supervised release, $250,000 fine, $100 special assessment, and, if found not to be indigent, additional assessments of $5,000 under 18 U.S.C. § 3014 and up to $35,000 under 18 U.S.C. § 2259A.

Count Two (manufacture of child pornography): 30 years' imprisonment, a 15-year mandatory minimum term of imprisonment, a mandatory minimum of 5 years of supervised release up to a lifetime of supervised release, $250,000 fine, $100 special assessment, and, if found not to be indigent, additional assessments of $5,000 under 18 U.S.C. § 3014 and up to $50,000 under 18 U.S.C. § 2259A;

Count Three (possession of child pornography): 20 years' imprisonment, a mandatory minimum of 5 years of supervised release up to a lifetime of supervised release, $250,000 fine, $100 special assessment, and, if found not to be indigent, additional assessments of $5,000 under 18 U.S.C. § 3014 and up to $17,000 under 18 U.S.C. § 2259A.

Thus, the total maximum sentence that could be imposed is: life imprisonment, 15 years' mandatory minimum imprisonment, a mandatory minimum of 5 years of supervised release up to a lifetime of supervised release, a $750,000 fine, a $300 special assessment, and, if found not to be indigent, additional assessments of $15,000 under 18 U.S.C. § 3014 and up to $102,000 under 18 U.S.C. § 2259A shall be ordered. The defendant is also subject, under 18 U.S.C. § 2259, to pay mandatory restitution of not less than $3,000 per identified victim. Forfeiture of all property used or intended to be used to commit or to promote the commission of such violations also may be ordered.

### B. Criminal Record

Murray has no criminal history, and therefore is in a criminal history category of I.

### C. Sentencing Guidelines Calculation

The United States agrees with the sentencing guidelines calculations set forth in the Pre-Sentence Report, which calculated an advisory guidelines range of 360 to life based on a final offense level of 42 and a criminal history of I. All counts group under U.S.S.G. § 3D1.2(b) as the crimes are connected by a common criminal objective. PSR ¶ 31.

The guidelines are calculated as follows:

| | |
|---|---|
| Base offense level, USSG § 2G2.1(a) | 32 |
| Offense involved a minor who had not attained the age of 12 years, USSG § 2G2.1(b)(1)(A) | +4 |
| Commission of sexual act, USSG § 2G2.1(b)(2)(A) | +2 |
| Use of a computer, USSG § 2G2.1(b)(6)(B)(i) | +2 |
| Repeat and Dangerous Sex Offender, USSG § 4B1.5(b) | +5 |
| Timely Acceptance of Responsibility, USSG § 3E1.1(a), (b) | -3 |
| **Final Offense level** | **42** |

The final offense level of 42 and the criminal history category of I result in an advisory guidelines range of 360 months to life imprisonment.

### IV.     ANALYSIS OF APPLICABLE SENTENCING FACTORS

The government submits that the proposed sentence of 240 months' imprisonment and a 15-year term of supervised release is just and appropriate based on the applicable sentencing factors in this case.

The Supreme Court has declared: "As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark." *Gall v. United States*, 552 U.S. 38, 49 (2007). "These requirements mean that '[i]n the usual sentencing, . . . the judge will use the Guidelines range as the starting point in the analysis and impose a sentence within the range." *Peugh v. United States*, 133 S. Ct. 2072, 2083 (2013) (quoting *Freeman v. United States*, 131 S. Ct. 2685, 2692 (2011) (plurality opinion); ellipsis in original). "Common sense indicates that in general, this system will steer district courts to more within-Guidelines sentences." *Peugh*, 133 S. Ct. at 2084. "The federal system adopts procedural measures intended to make the Guidelines the lodestone of sentencing." *Id.*

In addition, this Court must also consider all of the sentencing considerations set forth in Section 3553(a). Those factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need to afford adequate deterrence to criminal conduct, and to protect the public from further crimes of the defendant; (4) the need to provide the defendant with educational or vocational training, medical care, or other correctional treatment in the most effective manner; (5) the guidelines and policy statements issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found

guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).

Applying the relevant factors here, the nature and circumstances of the defendant's offenses support the significant sentence proposed in the plea agreement. Murray preyed on children for his own sexual gratification. He groomed them to normalize sexual behavior by exposing them to child pornography. PSR ¶ 18, 22. His child pornography collection contained hundreds of images/videos of children being sexually abused by others. PSR ¶ 19. Murray also possessed at least one video of a toddler being sexually abused by a dog. PSR ¶ 19. Four of his victims have submitted extensive records to the Court detailing each child victim's continued suffering as a result of the defendant, and others like him, continuing to view depictions of their sexual abuse. *See* Sealed Gov't Sentencing Ex. A (Restitution Requests). The defendant has agreed to pay restitution in the amounts of $5,000 to victim "Jenny" and $3,000 to victims "Vicky," "Aprilblonde," and "MotherFull.". Other identified child victims also have submitted their own statements to the Court to share the impact of Murray's conduct. *See* Sealed Gov't Sentencing Ex. B (Victim Impact Statements). Murray's cache of appalling imagery and the trauma inflicted clearly warrants a lengthy term of imprisonment.

But Murray's conduct went beyond collecting depictions captured by others – he became a producer of them. He enticed and coerced his victims to engage in sex acts, to include masturbation and digital penetration, while he recorded them. His youngest victim ("Minor 1" in the Indictment) appeared to be only nine years old. She was targeted because of her young age as Murray himself admitted to pursuing preteen girls. PSR ¶ 16. Murray's abhorrent and repeated sexual exploitation of children in our community unquestionably supports the proposed term of incarceration. The recommended sentence will also plainly serve to deter the defendant from

committing a new offense in the community. Moreover, such a sentence will demonstrate to others that targeting children online for sexual exploitation carries a severe penalty.

The defendant's background also supports the proposed sentence. As to his upbringing, the defendant reports being affected by his estranged relationship with his father after their parents' divorce and the shock of his father's subsequent passing. Murray has a history of substance abuse. PSR ¶¶ 84 – 87. Notably, the defendant has been consistently employed since he graduated high school. PSR ¶¶ 94 – 100. The government also reflects that Murray confessed to his criminal acts and readily accepted responsibility. While the jointly proposed sentence of 20 years' imprisonment falls below the advisory guidelines range, when combined with the 15-year term of supervised release, Murray will be under the Court's supervision for the next 35 years. Based on his personal history and his criminal conduct, the proposed sentence a sufficient but not greater than necessary.

There is no apparent need to adjust the sentence to account for educational or vocational training, medical care, or other correctional treatment. The government recognizes that Murray has completed numerous courses while incarcerated at the Federal Detention Center. PSR ¶ 92. If Murray wishes to pursue additional vocational opportunities while in the custody of the Bureau of Prisons or while on supervised release, the recommended sentence will not inhibit those efforts.

Therefore, the relevant sentencing factors discussed above support the sentence put forth in the parties' plea agreement, that is, a sentence of 20 years' imprisonment and a 15-year term of supervised release.

## V.     CONCLUSION

For these reasons, the government respectfully requests this Court accept the terms of the plea agreement and adopt the sentence proposed by the parties and sentence the defendant to a term of imprisonment of 240 months, a 15-year term of supervised release, a $300 special assessment, forfeiture of all electronic devices, restitution of $14,000 to the child victims; and a fine and any additional special assessments, if any, to be determined by the Court.

Respectfully submitted,

JACQUELINE C. ROMERO
United States Attorney

*/s/ Priya T. De Souza*
PRIYA T. DE SOUZA
Assistant United States Attorney

Dated:  February 7, 2025

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the within Government's Sentencing Memorandum has been served by e-mail to counsel of record.

                                                           */s/ Priya T. De Souza*
                                                           PRIYA T. DE SOUZA
                                                           Assistant United States Attorney

Dated:  February 7, 2025